UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM BOGARD                                                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:12CV-99-S

NORTON HEALTHCARE *et al.*                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Bogard filed this action on a Court-approved general complaint form. He also filed an application to proceed without prepayment of fees (DN 6), which is **GRANTED**. This matter is now before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

The complaint lists Norton Healthcare as Defendant. The complaint also lists Doctor Owen Hitt as a Plaintiff. The Court presumes that Plaintiff intended to name Hitt as a Defendant in the action. In the portion of the complaint form where Plaintiff is to state the grounds for

filing this case in federal court, Plaintiff states, "Violations of Medical Device Amendment of The Food Drug and Cosmetic Act of 1976." In the statement-of-the-claim portion of the complaint form, Plaintiff states, "See attachment." He left blank the portion of the complaint form directing him to state his prayer for relief. Plaintiff attaches to the complaint six pages of exhibits, which appear to be pages from legal and medical journals regarding hip prostheses.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Moreover, Fed. R. Civ. P. 8(a)(3) states that every pleading shall contain "a demand for the relief sought." Plaintiff has not alleged any facts concerning any Defendant, nor has he given any indication whatsoever of the relief he seeks. Therefore, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion and Order.

Date: March 23, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
4411.010